[No. 3058.   Decided August 4, 1899.]

D. L. FRY, *Respondent,* v. JAMES O. HESTWOOD, *Appellant.*

CONTRACTS — CONSTRUCTION — PERSONAL SERVICE — AGREEMENT FOR COMPENSATION.

Under a contract providing that the second party shall receive $100 per month until the contracts made by both parties aggregate $30,000, that then the second party shall receive $5,000, or, if the amount does not aggregate $30,000, the second party shall have the proportionate part of such sum, less the amount paid each month, payable as follows: "$1,000 May 1, 1893, the balance when contracts are paid in full; which said second party shall accept as payment in full for his services for the time aforementioned"— the second party is entitled to $100 per month, and such additional sum on May 1, 1893, not exceeding $1,000, as his percentage of the contracts, less the monthly payments, would amount to, regardless of whether such contracts were fully paid or not.

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

Action by D. L. Fry against James O. Hestwood to recover the sum of $900, as the alleged balance due plaintiff on a written contract between him and defendant, in which plaintiff agreed to give his entire time, energy and attention for a period of twelve months to the advancement of the business of defendant in procuring contracts in connection with the defendant's publication of the "Evergreen State Souvenir." From a judgment in favor of plaintitff for the sum of $408.91 the defendant appeals.

*Burke, Shepard & McGilvra,* for appellant.

*John W. Corson* and *Preston, Carr & Gilman,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Plaintiff sued and recovered judgment upon a written contract of employment. The defendant appeals. The case involves the construction of the following clause of the contract:

" In consideration of the foregoing, said second party shall receive the sum of one hundred (100) dollars per month, gold coin of the United States, until such time as the contracts made by parties of both parts aggregate the sum of thirty thousand (30,000) dollars; then said second party shall receive the sum of five thousand (5,000) dollars, or, if the amount does not aggregate the sum of $30,000, then the said D. L. Fry is to have the proportionate amount of said $30,000, less the amount paid each month to said second party by said first party, payable as follows: One thousand (1,000) dollars May 1, 1893, the balance when contracts are paid in full, which said second party shall accept as payment in full for his services for the time aforementioned."

The trial court instructed the jury as follows:

" You are further instructed that in case you find for the plaintiff, your verdict shall be for such sum as will be equal to sixteen and two-thirds per cent. of the total amount of contracts which you shall find from the evidence were entered into,—were made under this contract, —less the amount paid to the plaintiff by the defendant under the terms of the contract."

An exception was preserved to this instruction, and error was predicated upon it.    It is conceded that, if the instruction was correctly given, the judgment must be affirmed.    The language of the contract over which the contention arises is somewhat ambiguous, but we think that the trial court rightly interpreted it.    In order to give effect to all of its language, the contract must be construed to mean that plaintiff's compensation should equal sixteen and two-thirds per cent. of the total amount of contracts entered into on defendant's behalf, such compensation being payable as follows:    $100 each month and $1,000 on May 1, 1893, provided, such percentage, less the monthly payments of $100, should be equal to $1,000, and, if not, he should receive proportionately, and "the balance,"—that is, the sum which, under this contract, plaintiff would be entitled to in excess of $100 a month and $1,000,—was to be paid him when the "contracts are paid in full."    Under the undisputed evidence in this case the sum total of the percentage to which plaintiff was entitled upon the contracts secured, would not exceed the monthly payments and the added $1,000, so that the words of the contract which deferred payment on "the balance" never became operative.    In other words, by the terms of this contract plaintiff was entitled to $100 a month and such additional sum on May 1, 1893, not exceeding $1,000, as his percentage of the contracts, less the monthly payments, would amount to, regardless of whether these contracts were fully paid or not.    Under

this interpretation of the contract the verdict was as favorable to the defendant as the evidence could possibly warrant, and the judgment entered upon it must be affirmed.

ANDERS, REAVIS, FULLERTON and DUNBAR, JJ., concur.